THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BUFFALO NATURAL GAS FUEL COMPANY, Respondent, *v.* THE STATE BOARD OF TAX COMMISSIONERS, Appellant.

*Certiorari to review an assessment under the Special Franchise Tax Act — the statute defines the "manner," "method" and "basis" of the return.*

A provision in a writ of certiorari issued to review an assessment for taxation, that the return shall include "the manner of making the same (the assessment), the method pursued by you in making and fixing a valuation upon such special franchise of the petitioner in said city of Buffalo, with the basis adopted by you for such valuation thereof," is unauthorized and should be stricken out.

If the return does not comply with section 252 of the Tax Law (Laws of 1896, chap. 908), requiring it to "set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers," it should be sent back for correction. If the writ requires more than the statute calls for it is to that extent unauthorized.

KELLOGG, J., dissented.

APPEAL by the defendant, The State Board of Tax Commissioners, from so much of an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 3d day of July, 1900, as provides: "Ordered, that the motion to strike from the writ the words 'including the manner of making the same, the method pursued by

you in making and fixing a valuation upon such special franchise of the petitioner in said city of Buffalo, with the basis adopted by you for such valuation thereof,' be and is hereby denied."

*John C. Davies, Attorney-General,* and *Henry B. Coman, Deputy Attorney-General,* for the appellant.

*Lewis E. Carr* and *D. B. Hill,* for the respondent.

SMITH, J.:

By section 252 of the Tax Law (Chap. 908, Laws of 1896) the return of the assessors "must concisely set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers." Not only, therefore, must the assessors return the facts "pertinent and material to show the value of the property;" they are further to return "the grounds for the valuation." The wisdom of this statutory requirement is not for our consideration.

By the writ the assessors are required to return "the manner of making the same (the assessment), the method pursued by you in making and fixing a valuation upon such special franchise of the petitioner in said city of Buffalo, with the basis adopted by you for such valuation thereof." The vice in this provision of the writ would seem to lie in its ambiguity. It is not clear what is meant by "manner," "method" and "basis." If it be construed to require more than is required by statute, it is unauthorized and calls for a return which would only incumber the record. If it be construed, however, to require no more, it is then unnecessary. It seems to have been held in the first department that the assessors could not be required to return the method by which they arrived at their conclusion. (*People ex rel. Heiser* v. *Gilon,* 51 N. Y. St. Repr. 825.)

In my judgment the form of the writ would serve to confuse rather than to enlighten the assessors in making return to the writ. The assessors are already directed by the statute. If the return do not accord with that direction it may be returned for correction. The matter complained of should be stricken from the writ.

All concurred, except KELLOGG, J., dissenting in an opinion.

KELLOGG, J. (dissenting):

The only question before us is, has the Special Term exceeded its powers in directing to be incorporated in the writ running to the defendants the language above quoted? It must be conceded, I think, that the Special Term, the court having the review of the proceedings before the board of tax commissioners, has a discretion in such matters and power to direct as to the particular facts it desires returned so long as it keeps within the limit prescribed by law or statute. This, I believe, has been heretofore the universal practice both as to common-law writs and statutory writs. (2 Fiero Spec. Proc. 1252, 1255; *People ex rel. Manhattan R. Co. v. Barker,* 48 App. Div. 248.)

The statute (Laws of 1896, chap. 908, § 252) prescribes as to the return to writs in assessment cases as follows: "The return must concisely set forth such other facts as may be pertinent and material to show the value of the property assessed on the roll and the grounds for the valuation made by the assessing officers." Who is to determine, if not the court, what "other facts as may be pertinent?" Must it be left to the assessor to say? These proceedings start with a petition to the court alleging the particular grievance of the petitioner created by some act of the assessors. To meet this grievance, and to correct it if it is proven to exist, the court must necessarily have before it the particular facts and acts which lie at the foundation of it, and I think it very appropriate for the court to say by its writ what are those "other facts" which "may be pertinent and material." The same reasoning applies to the requirement to return "the grounds for the valuation." The "grounds," as here used, embraces something besides naked facts, because these are elsewhere specified as we have seen. What may be comprehended under this term, as here used, properly belongs to the court and not to the assessors to say. At any rate the right to say is not exclusively with the assessors. And when the court has said what particular things it requires in order to dispose of the grievance set forth in the petition, and it appears that the particulars are within the terms of the statute liberally construed, the assessors have no just ground for complaint. The "special franchise" is made by the law real estate for the purposes of taxation. The law defines what shall be included under the

PEOPLE ex rel. BUFFALO GAS CO. v. COMRS. 189

App. Div.]     Third Department, November Term, 1900.

name " special franchise." The tangible property which is on or under the property of the public, and the right to use this tangible property so placed. It is not difficult in any case to reach by well-known rules, which have the sanction of the court, the actual value of the tangible property.

The value of the right to use the public streets or other public lands or space is quite another matter. So far the courts have had no opportunity to fix and determine what shall be the grounds of such valuation, or what shall be the grounds of the valuation of the tangible and intangible combined.

The complaint here is that the assessors have made an overvaluation; that such overvaluation is the result of some improper rule or method, the assumption of erroneous " grounds for the valuation," and it sets forth facts which go far to show that some non-elastic formula was used by the assessors which accurately evolved a result in odd dollars rather than a round sum. The court to intelligently review the conclusion of the assessors and determine whether it is right or wrong obviously must be possessed of all the pertinent facts, all the " grounds for the valuation," all the ingredients of this compound of tangible and intangible property expressed by the figures " $1,342,195.50," not alone the ingredients but the formula adopted to get the result, the rule, the method, if there was one used, in reaching these exact figures. It is no answer to say that the court may avail itself of its powers under the statute and take evidence as to these things. It is a mistake to suppose that the statute contemplates that in every case the court shall resolve itself into an original assessing board. It is only in case of necessity that it may take evidence, and the necessity may not exist if all the needed facts and grounds are with particularity returned. The statute contemplates a review of the acts of the assessors in the first instance and a determination upon the return alone, if it shall be sufficient, as to the grievance complained of. The court *may* take evidence, but this is only where it is necessary to reach new facts or settle disputed facts; it in no way dispenses with a full and particularized return.

The requirement here is to return the " manner of making" the assessment, " the basis adopted ;" these are essential facts without which no intelligent review could be had. " Method pursued" is also

a fact and has been declared altogether important in determining whether a grievance such as the petition here alleges is well or ill founded. (*People ex rel. D., L. & W. R. R. Co.* v. *Clapp*, 152 N. Y. 490; *People ex rel. Manhattan R. Co.* v. *Barker*, 146 id. 304.)

Since, as we have seen, it is for the court at Special Term in any given case to determine what facts are " pertinent and material," and since it plainly appears that the court has called for none except such as are contemplated by the statute may or shall be returned by the assessors, I think the order was a proper one and should be affirmed, with ten dollars costs and disbursements.

Order so far as it is appealed from is reversed and the motion to strike out granted, and in lieu of the words stricken out the following to be inserted : " Including such other facts as may be pertinent and material to show the value of the property assessed on the roll, and the grounds for the valuation made by the assessing officers."